# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT LYNN BALLERING, | : | Civil No. 2:21-CV-00069 |
| Plaintiff, | : | |
| v. | : | |
| STATE OF UTAH ATTORNEY GENERAL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a civil case in which Plaintiff Scott Lynn Ballering ("Ballering") brings claims against several government actors, private companies, and court personnel arising from alleged wrongdoing during the sale of a property located in Utah. For the reasons that follow, the case is dismissed for lack of subject matter jurisdiction.

### BACKGROUND AND PROCEDURAL HISTORY

This case began on January 3, 2021, when Ballering, who is proceeding without counsel, filed a complaint and an amended complaint, which appear to be identical copies of the same document. (*See* Docs. 1–2.) The amended complaint names as defendants the Attorney General for the State of Utah, the Insurance Department of Utah's Attorney General's office, the Attorney General for the State of Washington, the "Federal Department" of the Federal Bureau of Investigation

("FBI"), the Southern Utah Title Company, and all judges and court employees of the United States District Court for the Eastern District of Pennsylvania. (Doc. 2.)

According to the allegations in the amended complaint, Ballering was attempting to sell a house located in Hurricane, Utah when he discovered that the house had not been built according to "National Building Codes." (*Id.* at 3.) Upon his discovery of this information, the prospective buyers of the house, the Hendersons, "chose to cancel the purchase by using a form that was from the Realtor Association of Utah." (*Id.*) The form used by the Hendersons was intended for use by professional realtors and was not intended for use in sales conducted by homeowners, like the sale in question in this case. (*Id.*) Additionally, the form "was not a cancellation form." (*Id.*)

Ballering alleges that the Hendersons never presented him with a cancellation form and he "never signed the form." (*Id.*) Nevertheless, the escrow officer who was involved in the sale "provided the Henderson's [sic] with the form and then did activities like a Realtor would normal[ly] do," which included emailing the form to Ballering. (*Id.*) Ballering "confronted" the escrow officer about her role in the sale, and the escrow officer said that she "was just helping" the Hendersons. (*Id.*)

Ballering reported the actions of the Hendersons and the escrow officer to the Utah Attorney General's office and the Insurance Department of the Utah

Attorney General's office. (*Id.*) He additionally reported it to the FBI via an online form and later in person in an FBI field office in Portland, Oregon. (*Id.*) Upon receiving Ballering's complaint, the Insurance Department solicited affidavits from the Hendersons and the escrow officer, but not from Ballering. (*Id.*) Ballering alleges that the signatures from him and the Hendersons "do not match the signatures of other documents signed in the same period." (*Id.*)

After filing complaints with Utah law enforcement officers and the FBI, Ballering also requested "assistance" from the Attorney General of Washington State, as he was then residing in that state. (*Id.*) Days before Ballering was scheduled to meet with the Washington Attorney General, however, the Attorney General "abruptly canceled" the meeting. (*Id.*) Ballering speculates that the meeting was canceled because the Washington Attorney General "is also a Mormon." (*Id.*) Ballering alleges that Defendant Southern Utah Title Company was not registered to perform escrow work in Utah at the time of the sale of the house. (*Id.*)

In addition to suing the defendants located in Utah and Washington, Ballering also names as defendants "all other judges and court employees" of the Eastern District of Pennsylvania. (*Id.* at 1.) This claim is based on "[l]ack of performance for judges that do not prosecute in their own courts or transfer cases to other states for local prosecution & all court employees for not upholding the

laws of the land."¹ (*Id.*) Ballering also alleges the existence of "[a]n inept lazy judge that closed the case without properly investigating the charges by simply looking at the evidence or has personal interest to protect, or is guilty of the one or more of the seven deadly sins or religious differences, sexual orientation differences or philosophical differences or can not ask for assistance to download the evidence or whatever the reason" and alleges "[d]iscrimination." (*Id.* at 4.) By way of remedies, Ballering seeks "100,000,000 in fines distributed between all defendants" and a series of other punitive measures against the defendants. (*Id.*) The case was assigned to the undersigned pursuant to a designation under 28 U.S.C. § 292(b).

## DISCUSSION

A district court is continually obligated to review whether it has subject matter jurisdiction and must raise subject matter jurisdiction issues sua sponte. *Fort Bend Cty., Tex. v. Davis*, 587 U.S. __, 139 S. Ct. 1843, 1849 (2019). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

¹ This allegation appears to refer to two earlier cases in the Eastern District of Pennsylvania in which Ballering also raised claims arising from the sale of the home in Hurricane, Utah, both of which were transferred to the United States District Court for the District of Utah. *See Ballering v. State of Utah*, No. 2:20-CV-06196 (E.D. Pa. Jan. 12, 2021); *Ballering v. State of Utah Office of Att'y Gen.*, No. 2:20-CV-06332 (E.D. Pa. Jan. 11, 2021).

A district court's subject matter jurisdiction must be based on either federal question jurisdiction or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331–32.  A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A court has diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Diversity between the parties must be complete, which means that, "unless there is some other basis for jurisdiction, 'no plaintiff may be a citizen of the same state as any defendant.'"  *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

The court does not have diversity jurisdiction in this case because Ballering is a resident of the State of Washington and names the Attorney General of that state as a defendant, *see* Doc. 1 at 1, thereby defeating complete diversity between the parties.  Accordingly, the court may only exercise subject matter jurisdiction if federal question jurisdiction is present.

Ballering alleges that federal question jurisdiction is present because of Defendants' "[f]ailure to properly investigate and enforce Copyright & Forgery laws and failure to enforce NMLS license requirements for Southern Utah Title Company," but does not allege any facts to support these allegations.  (*See* Doc. 1 at 2.)  To the contrary, all of the claims in Ballering's complaint appear to arise

from alleged wrongdoing during a real estate sale. (*See id.*) These claims may be framed as breach of contract claims, quiet title claims, or tort claims, but however they are framed, they are clearly state law claims over which the court may not exercise federal question jurisdiction.

The only claim that potentially raises a federal question is the claim against the judges and employees of the Eastern District of Pennsylvania. That claim, however, is wholly frivolous, and a frivolous claim against a federal judge is not sufficient to confer federal question jurisdiction. *See, e.g.*, *Winslowet-Alps v. Harris*, 2020 WL 4719106 (S.D.N.Y. Aug. 13, 2020); *Wiley v. Wilkins*, 134 F. Supp. 3d 308, 309–10 (D.D.C. 2015); *see also Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975, 1984 (2017) (noting that claims must be more than "insubstantial or frivolous" to invoke federal question jurisdiction). Accordingly, there is no basis for the court to exercise federal question jurisdiction, and this court therefore does not have subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, this case is dismissed for lack of subject matter jurisdiction. An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: February 17, 2021